UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL EVANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. FLORES, JOSTRUNDEA, AND R. GODWIN,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00170-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  10) |

　　　　Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First Amended Complaint. (Doc. No. 10, "FAC").  For the reasons set forth below, the undersigned recommends that the district court dismiss the First Amended Complaint because it fails to state any cognizable constitutional claim and any future attempts to amend appear futile.

**SCREENING REQUIREMENT**

　　　　Plaintiff commenced this action while in prison and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the Court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

1131 n.13.

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a state prisoner proceeding pro se, filed his initial civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). The Complaint alleged that Defendant Flores, a correctional officer at Kern Valley State Prison ("KVSP"), lied in an incident report regarding a riot that occurred at KVSP. (*Id*. at 3, 12-14). Flores mistakenly identified Plaintiff as one of the inmates who was involved in the altercation, which resulted in Plaintiff being found guilty of a rule violation report ("RVR"). (*Id*.). As a result, Plaintiff was denied a transfer closer to his loved ones. (*Id*. at 3). The initial Complaint also appeared to allege a separate due process violation based on the denial of Plaintiff's transfer. (*Id*. at 4, 6). The Court screened the initial Complaint and determined it failed to state a cognizable constitutional claim. (Doc. No. 9). The Court appraised Plaintiff of the relevant law and afforded Plaintiff the opportunity, inter alia, to file an amended complaint. (*Id*. at 6).

On June 14, 2023, Plaintiff filed a First Amended Complaint ("FAC"). The incidents giving rise to the FAC are the same as those giving rise to the initial Complaint. Indeed, the FAC is almost identical to Plaintiff's initial Complaint. The FAC repeats the allegation that Defendant Flores wrongly identified Plaintiff as having participated in the riot and therefore submitted a false incident report. (Doc. No. 10 at 2-4). As a result, Plaintiff suffered a RVR and was denied a transfer to an "I.O.P. Program Level III Institution" closer to family and loved ones. (*Id*. at 3).

As relief, Plaintiff requests that his requested transfer be granted and his wrongly charged RVR be dismissed. (*Id*. at 5).

## APPLICABLE LAW AND ANALYSIS

### A. No Claim Stated as to False RVR

The filing of a false disciplinary report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. If a prisoner is afforded procedural due process in the disciplinary hearing,

3

allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010); *see also Scott v. Johnson*, 2022 WL 17082491, at *4 (E.D. Cal. Nov. 18, 2022), *report and recommendation adopted*, 2023 WL 425759 (E.D. Cal. Jan. 26, 2023), *appeal dismissed sub nom*. *Scott v. Chau*, No. 23-15420, 2023 WL 4105433 (9th Cir. June 2, 2023); *Richardson v. Tuman*, 2019 WL 669569, at *6 (E.D. Cal. Feb. 19, 2019); *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997); *Lee v. Whitten*, 2012 WL 4468420, *4 (E.D. Cal. 2012) (only in cases where a sufficiently substantial liberty interest is at stake must the court evaluate whether prison disciplinary process comported with minimum procedural due process requirements).  Thus, "the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue.  The Constitution demands due process, not error-free decision-making." *Jones v. Woodward*, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994)).

There are only two ways for an inmate who alleges he has been subjected to a false disciplinary report to state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2) when the prisoner alleges that he or she was not afforded procedural due process in a proceeding concerning a false report.  Here, Plaintiff does not allege any facts that the RVR was filed in retaliation for Plaintiff's exercise of a constitutional right or that he was not afforded a procedural due process hearing on the RVR.  Thus, even if the disciplinary report filed by Defendant Flores charging Plaintiff with fighting was false, it does not state a standalone constitutional claim.

**B. No Claim Stated as to Failure to Transfer**

The FAC also asserts a constitutional violation based upon the failure to transfer Plaintiff to a Level III facility.  As an initial matter, the FAC does not specify which Defendants, if any,

were involved in decision not to transfer him.  A complaint must plead sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  A court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council*, 643 F.2d at 624.

While an inmate can state a claim concerning his transfer if the transfer was done for unconstitutional reasons, such as retaliation for exercising his First Amendment rights, or for religious, political, or racial discriminatory reasons, here the FAC fails to provide any such facts as to the basis upon which Plaintiff believes he was wrongly denied a transfer to a Level III facility.  Liberally construed, the FAC attributes the denial of Plaintiff's transfer to the RVR finding that Plaintiff participated in a riot. Correctional officials' reliance on a RVR is a legitimate reason to deny Plaintiff a transfer and does not give rise to a constitutional claim. *See Sierra v. Thompson*, 2021 WL 3864590, at *6 (E.D. Cal. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 4925393 (E.D. Cal. Oct. 21, 2021) (rejecting plaintiff's claim of retaliation to deny transfer and finding committee's decision not to transfer plaintiff based, in part, on RVR valid reason to deny transfer).

Indeed, as a rule, prisoners have no expectation they will remain in any facility during their confinement, and prison officials have broad authority to transfer prisoners from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976).  To the extent Plaintiff predicates his transfer claim on the basis that he was improperly classified due to the RVR, it is well settled that prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges.  *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (agreeing that inmate had no constitutional right to classification status and further finding no independent right under state law).  This is because decisions regarding an inmate's classification level or where to house inmates are at the core of prison administrators' expertise. *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum*, 427 U.S. at 225); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).  Accordingly, the

FAC does not state a cognizable constitutional violation based on the denial of Plaintiff's requested transfer.

### FINDINGS AND RECOMMENDATION

Plaintiff was provided an opportunity to cure the deficiencies in his initial Complaint. (*See* Doc. No. 9). In its prior screening order, the Court instructed Plaintiff on the applicable law and pleading requirements. Despite affording Plaintiff an opportunity to correct the deficiencies, the FAC fails to adequately state any plausible § 1983 claim and in fact repeats almost verbatim the allegations made in Plaintiff's initial Complaint. The undersigned finds it would be futile to permit Plaintiff leave to file a second amended complaint; and, thus recommends that the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign this case to a district judge for consideration of this Findings and Recommendation.

It is further **RECOMMENDED**:

The First Amended Complaint (Doc. No. 10) be dismissed under § 1915A for failure to state a claim and the action be dismissed.

////

////

### NOTICE TO PARTIES

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with the findings and recommendation, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendation." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE